## THE STATE, EX REL. CLAUDIA LEA PHELPS, ET AL., RELATORS, v. THE BOROUGH OF FORT LEE ET AL., DEFENDANTS.

Argued January 20, 1938—Decided March 7, 1938.

Before Justices CASE and DONGES.

For the relators, *Wurts & Plympton.*

For the defendants, *Lawrence A. Cavinato, William A. Stevens* and *E. J. Dimock* (of the New York bar).

PER CURIAM.

This is a rule to show cause why a further peremptory writ of *mandamus* should not issue to compel the levy and collection of taxes to pay past due bonds and interest coupons of the borough of Fort Lee held by the relators. The consideration will be limited to the amount to be raised by taxes for the year 1938, reserving for further consideration the amount to be raised in other years as well as the right of relators to recover interest at the legal rate on amounts in default.

Certain bondholders, non-residents of this state, instituted *mandamus* proceedings in the United States District Court and a writ was issued. This writ directed that for the year

1938 the sum of $34,555.48 be levied and paid the relators. This amount was said to represent six per cent. interest on a judgment computed on $447,000 of past due bonds, $75,560 past due interest on these past due bonds and on $188,000 of bonds held by this group and not yet due, interest on these two sums from due date to date of entry of judgment, and costs. Relators thereupon instituted the present proceeding wherein they "ask for similar relief in this court." Their brief says they seek relief, "such relief to be of the same nature and extent as was granted by the federal court."

On January 17th, 1938, a few days prior to the argument of this cause in this court, the judgment in the federal court was amended to award the relators therein an allowance for the year 1938 of $37,920 instead of $34,555.48. This was based upon a computation of interest at the various contract rates on the total holding of bonds, $447,000 past due and $188,000 not yet due. The figures mentioned herein seem not to be disputed by the parties.

The dispute now is as to whether the relators herein should have a writ for the year 1938 based upon the method of computation used in the original *mandamus* in the federal court or upon the method used in arriving at the figure in the amended writ. Relators total holdings amount to $2,823,798 of which $2,618,200 is past due. The proportion of their bonds not yet due is smaller than the proportion not yet due held by the relators in the federal court, so while the contract rate method on all holdings resulted in a larger sum for the year 1938 for the relators in the federal court proceeding, it will result in a smaller sum for the relators herein than the original method of computation. This is said to be a discrimination, but we think not. The same basis of computation is applied in both cases. The result in dollars and cents is controlled by the mere chance of the proportion of past due and not yet due bonds held by the two groups. When all sums due are paid each will have received the same treatment. In *Rippel* v. *Asbury Park*, 118 *N. J. L.* 45, it was said of the statute "it puts the resident and non-resident creditors upon the same footing. It is of no consequence that the former's

594

claims have not been reduced to judgment. Section 352 of the statute, *supra,* expressly so provides. Parity is the manifest design of this provision." We think parity is administered by the method contended for by the defendants. A smaller sum is required to be levied for the year 1938, but the ability of the municipality to pay is also to be considered. *Rippel* v. *Asbury Park, supra.*

The writ will be allowed for the contract interest on the total amount of bonds held, due and not due. All other questions and the rights of the parties to apply for further relief are reserved. No costs will be allowed.